**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ERNEST K. LEAR, ET AL<br>*Debtor-Appellants* | APPEAL CIVIL ACTION |
| VERSUS | 19-175-SDD-EWD |
| DALE LITTLE<br>*Creditor-Appellee* | |

## **OPINION**

Appellant-Debtors Ernest and Donna Lear ("Appellants") appeal the Bankruptcy Court's judgment in favor of Creditor-Appellee Dale Little ("Little") in Adversary Proceeding No. 18-1038 in the Middle District of Louisiana. The Bankruptcy Court held a hearing on Little's *Motion for Summary Judgment* on January 30, 2019, in which the Bankruptcy Court granted summary judgment in favor of Little. Appellants have appealed that ruling and order to this Court. The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158. For the reasons set forth below, the ruling and order of the Bankruptcy Court is AFFIRMED.

**I.     BACKGROUND AND PROCEDURAL POSTURE**

Little filed suit against Appellants as well as Technical Specialty Products, LLC ("TSP")—a business owned and operated by Appellants—in the Eastern District of Texas, arguing that his employment was terminated in retaliation for complaints he raised regarding TSP's overtime policy (the "District Court Action").[1] The jury found in favor of

---

[1] Rec. Doc. 2-1 p. 28.
*58466*

Little and awarded him $105,366.25 in backpay and $105,366.25 in liquidated damages.[2] In a separate order after the Fifth Circuit dismissed TSP's appeal for want of prosecution, the Court awarded Little $336,320.60 in attorney's fees.[3] The total amount of damages awarded to Little in the District Court Action was $552,454.55.[4]

The Appellants filed for Chapter 7 bankruptcy on May 24, 2018 in the Bankruptcy Court for the Middle District of Louisiana (the "Bankruptcy Case").[5] Little filed a Complaint on August 24, 2018 seeking a judgment declaring the Appellants' debt to be nondischargeable under 11 U.S.C. § 523(a)(6) (the "Adversary Proceeding"); the Appellants filed an Answer on October 16, 2018.[6] On December 26, 2018, Little moved for summary judgment, and the Bankruptcy Court granted summary judgment on January 30, 2019.[7] Before the Court is an appeal of the Bankruptcy Court's order granting Little's *Motion for Summary Judgment*.

## II.  LAW AND ANALYSIS

### A. Standard of Review

District Courts of the United States have jurisdiction to hear appeals from orders of Bankruptcy Courts.[8] "[C]onclusions of law are reviewed *de novo*, findings of fact are reviewed for clear error, and mixed questions of fact and law are reviewed *de novo*."[9] Because the present matter is an appeal of a grant of summary judgment, the question

---

[2] Rec. Doc. 2-2 p. 13.
[3] *Id.*
[4] Rec. Doc. 2-1 pp. 217, 302.
[5] Rec. Doc. 2-2 p. 12.
[6] *See* Rec. Doc. 2-1 p. 1; Rec. Doc. 2-1 p. 82.
[7] *See* Rec. Doc. 2-2.
[8] *See* 28 U.S.C. § 158(a).
[9] *In re Nat'l Gypsum Co.*, 208 F.3d 498, 504 (5th Cir. 2000). *See also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017); *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).
58466

before the Court is whether, in the light most favorable to the non-moving party, the movant has shown that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[10]

This determination is made "in the light most favorable to the opposing party."[11] The Court cannot engage in weighing the evidence or determining credibility, as those functions belong to a jury rather than the Court; thus, "[the Court] must disregard all evidence favorable to the moving party that the jury is not required to believe."[12] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[13] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[14] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[15]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[16] All reasonable factual

---

[10] FED. R. CIV. P. 56(a).
[11] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).
[12] *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 135 (2000).
[13] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25.
[14] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[15] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[16] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).
58466

inferences are drawn in favor of the nonmoving party.[17] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[18] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the Plaintiffs [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"[19]

### B. Collateral Estoppel

Principles of res judicata and collateral estoppel apply in bankruptcy dischargeability cases.[20] While res judicata refers to claim preclusion, collateral estoppel refers to issue preclusion. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude litigation of the issue in a suit on a different cause of action involving a party to the first case."[21] Issue preclusion requires the following: (1) the parties must be identical; (2) the issue to be precluded must be identical to that involved in the prior action; (3) the issue must have been actually litigated; and (4) the determination of the issue in the prior action must have been necessary to the resulting judgment.[22]

In the Adversary Proceeding, Little contended that the Appellants' debt was

---

[17] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[18] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[19] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[20] *Grogan v. Garner*, 498 U.S. 279, 285 (1991). *See also Katchen v. Landy*, 382 U.S. 323, 334 (1966); *Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376-77 (1940).
[21] *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)).
[22] *Raspanti v. Keaty* (*In re Keaty*), 397 F.3d 264, 270-271 (5th Cir. 2005). *See also Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). *Matter of Davis*, 3 F.3d 113, 114 (5th Cir. 1993); *In re Shuler*, 722 F.2d 1253, 1256 n. 2 (5th Cir. 1984); *James Talcott, Inc. v. Allahabad Bank, Ltd.*, 444 F.2d 451, 458-59 (5th Cir. 1971).

nondischargeable under § 523(a)(6); in moving for summary judgment, Little argued that the issue of whether his firing was a "willful and malicious injury" had already been litigated in his favor in the District Court Action.[23] The Appellants argued that collateral estoppel did not apply because the factual findings in the District Court Action were non-essential to the jury's verdict.[24] The Bankruptcy Court found that the jury's verdict holding the Appellants personally liable for retaliatory discharge of Little necessarily satisfied the requirements of § 523(a)(6); consequently, the Bankruptcy Court held that the Appellants were collaterally estopped from seeking discharge of their debt.[25] That holding is a conclusion of law, which is reviewed *de novo.*[26]

### C. Willful and Malicious Injury

Debts arising from a willful and malicious injury are nondischargeable.[27] To be nondischargeable, there must be a "deliberate or intentional injury, not merely a deliberate or intentional *act* that leads to injury."[28] Willful and malicious injuries are likened to intentional torts, which "generally require that the actor intend 'the consequences of an act,' not simply 'the act itself.'"[29] Further, a willful injury requires "either objective substantial certainty [of injury] or subjective motive [to injure]."[30] In the Fifth Circuit, the terms "willful" and "malicious" are synonymous; "willful and malicious" is a single concept for the purposes of nondischargeability.[31] "To prevail under § 523(a)(6), a creditor must

---

[23] *See* Rec. Doc. 2-1 pp. 163-65.
[24] *See* Rec. Doc. 2-1 pp. 304-05.
[25] Rec. Doc. 2-2 p. 17.
[26] *In re Nat'l Gypsum Co.*, 208 F.3d at 504. *See also Austin v. Kroger Tex., L.P.*, 864 F.3d at 328; *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d at 498.
[27] 11 U.S.C. §523(a)(6).
[28] *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998).
[29] *Id.* (citing Restatement (Second) of Torts § 8A, Comment *a*, p. 15).
[30] *In re Keaty*, 397 F.3d at 270 (quoting *In re Miller*, 156 F.3d 598, 603 (5th Cir. 1998)).
[31] *In re Miller*, 156 F.3d at 606.

58466

prove by a preponderance of the evidence that the debt is not dischargeable."[32]

The jury charge regarding Little's retaliatory firing claim in the District Court Action provided as follows:

> It is unlawful for an employer to retaliate against an employee for engaging in activity protected by the FLSA. To prove unlawful retaliation, Plaintiff must first prove that he engaged in a protected activity under the FLSA by a preponderance of the evidence. . . . Plaintiff must also prove by a preponderance of the evidence that he suffered an adverse employment action. . . . Plaintiff must also prove by a preponderance of the evidence that there is a causal link between the protected activity and the adverse action. . . . If you find that Plaintiff failed to prove each of these elements by a preponderance of the evidence, then you must find for the Defendants.[33]

Thus, the jury's finding in favor of Little[34] required the jury to conclude that there was a causal link between the protected activity (Little's complaints about the overtime policy) and the adverse action (the Appellants' firing of Little). For the purposes of § 523(a)(6), the question presented is whether that finding by the jury constitutes objective substantial certainty of injury or subjective motive to injure.

The Court finds that the Bankruptcy Court was correct in holding that the jury's finding of a causal relationship between Little's complaint and the Appellants' termination of his employment constitutes objective substantial certainty that an injury would occur. The firing of an employee is an intentional act, and the loss of one's employment is an injury. The very nature of a retaliatory firing claim is that the firing was done with the intent to cause the employee to suffer injury in the form of termination of his employment. By

---

[32] *In re Keaty*, 397 F.3d at 270 (citing *Grogan*, 498 U.S. at 291).
[33] Rec. Doc. 2-1 p. 22. A retaliation claim under FLSA requires the plaintiff to show (1) participation in a protected activity under FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Valle v. Beauryne Builders LLC*, 2018 WL 1463692 at *3 (M.D. La. 2018).
[34] Rec. Doc. 2-1 p. 35.

finding that the Appellants fired Little with the intent to retaliate against him for his complaints about TSP's overtime policy, the jury in the District Court Action found that the Appellants acted with objective substantial certainty that Little would be injured as a consequence of the firing. The Court finds that the jury's finding of a wrongful termination is identical to finding a willful and malicious act.

The Court's holding is consistent with numerous Bankruptcy Courts that confronted this issue. "A judgment for wrongful termination contrary to public policy necessarily requires a finding that the defendant acted intentionally in terminating the plaintiff and that the termination caused the plaintiff's injury." [35] "[T]he intentional tort of wrongful termination is not discharged under the willful and malicious standard found in the Bankruptcy Code."[36] "[T]he undisputed factual findings in the state court proceedings in support of the discrimination and retaliation judgment, are sufficient to establish the "deliberate or intentional" injury contemplated by section 523(a)(6)."[37]

Thus, the issue of whether the Appellants committed a willful and malicious act has already been raised and litigated in the District Court Action, thereby meeting the second, third, and fourth requirements for issue preclusion. Further, because the jury

---

[35] *See, e.g.*, *Jorge v. Mannie (In re Mannie)*, 258 B.R. 440, 446 (Bankr. N.D. Cal. 2001).
[36] *Jasper v. Hussain (In re Hussain)*, 2012 WL 1098277 at *5 (Bankr. S.D. Iowa 2012) (citing *Suggitt v. Foushee (In re Foushee)*, 283 B.R. 278, 286-87 (Bankr. N.D. Iowa 2002) (state court judgment for discharge in violation of whistleblower statute satisfied the elements of 523(a)(6)); *Nesler v. Thomason (In re Thomason),* 288 B.R. 812, 815 (Bankr. S.D. Ill. 2002) (retaliatory termination was clearly intentional and done with the specific intent of causing injury); *Jorge v. Mannie (In re Mannie),* 258 B .R. 440, 446–47 (Bankr. N.D. Cal. 2001) (judgment for wrongful termination contrary to public policy necessarily requires a finding that the defendant acted intentionally in terminating the plaintiff and that the termination caused the plaintiff's injury; judgment also made clear that the debtor's conduct was malicious); *Ford–Torres v. O'Shea (In re O'Shea),* 2010 WL 2901624, at *3 (Bankr. D. Or. 2010) (retaliatory firing of an employee for reporting a violation of state or federal law constitutes willful and malicious conduct and any damages awarded by state court would be excepted from discharge)).
[37] *Rocco v. Goldberg (In re Goldberg)*, 487 B.R. 112, 127-129 (Bankr. E.D.N.Y. 2013).
58466

found Appellants individually liable for damages to Little as "employers" under the FLSA,[38] the parties in the Bankruptcy Case and Adversary Proceeding are identical, meeting the first requirement for issue preclusion. The Appellants are therefore precluded from contesting the nondischargeability of their debt under § 523(a)(6), and the Bankruptcy Court was correct in applying collateral estoppel.

### III. CONCLUSION

For the reasons set forth above, the Order of the Bankruptcy Court is AFFIRMED, and this appeal is dismissed.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 22, 2020.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[38] Rec. Doc. 2-1 p. 37.